No. 1:13-11875-WGY

# United States District Court
for the District of Massachusetts

---

**BRIAN S. FAHEY**
*Plaintiff-Appellant,*

v.

**MASSACHUSETTS DEPARTMENT OF REVENUE**
*Defendant-Appellee,*

---

APPEAL FROM A JUDGMENT OF THE UNITED STATES
BANKRUPTCY COURT

---

BRIEF OF THE PLAINTIFF-APPELLANT BRIAN S. FAHEY

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

ISSUE PRESENTED ........................................................................ 3

STATEMENT OF PROCEDURAL HISTORY ................................. 3

STATEMENT OF FACTUAL HISTORY ......................................... 3

STANDARD OF REVIEW ............................................................... 3

ARGUMENT ..................................................................................... 4

    I. The term "Return" includes Late Filed Returns Dischargeable
       Under Pre-2005 Caselaw ......................................................... 4

    II. The Debor's Late Filed Returns Qualify as "Returns" Under
       the *Beard* Test and Should Be Discharged ........................... 9

CONCLUSION ................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

Beard v. Commissioner, 82 T.C. 766,1984 WL 15573 (May 24,1984),
aff'd 793 F.2d 139 (6th Cir. 1986)..........................................................5,8,9,10

Brown v. Massachusetts Department of Revenue (In re Brown),
489 B.R. 1 (Bankr. D. Mass 2013).................................................................8,9

Martin v. United States (In re Martin) Adversary No. 11-1536 ABC (Case
No. 10-37360 ABC) (Bankr. Colo., 2012)...................................................6,10

Reich v. Newspapers of New England, Inc.,
44 F.3d 1060, 1069 (1st Cir. 1995).....................................................................3

Rhodes v. United States (In re Rhodes),
Adversary No. 11-4074 PWB (Case No. 11-42890-PWB)
(Bankr. NX). Ga. May 6,2013).........................................................................6

**Federal Statutes**

IRC, § 6020(a)...........................................................................................4,5,6,7,8

IRC, § 6020(b)....................................................................................................4,7

11 U.S.C. § 102(3)..................................................................................................7

11 U.S.C. § 523......................................................................................................3

11 U.S.C. § 523(a)....................................................................................3,4,5,6,9

11 U.S.C. § 523(a)(*)........................................................................................4,7,8

11 U.S.C. § 523(a)(1)............................................................................................10

11 U.S.C. § 523(a)(1)(B)(ii)...................................................................3,4,5,6,7,8,9

11 U.S.C. § 727......................................................................................................4

26 U.S.C. § 6020(a)...........................................................................................6(n)

**State Regulations**

830 CMR 26.C.26.1 (2)........................................................................................4,5

**Legislative History**

H.R. Rep. No. 109-31(I) (2005), reprinted in 2005 U.S.C.C.A.N. 88, 167...............7(n)

## ISSUE PRESENTED

The issue presented on this appeal is whether the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005's (hereinafter, "BAPCPA") addition of the terms "applicable nonbankruptcy law (including applicable filing requirements)" in the unnumbered paragraph in 11 U.S.C. § 523(a) effectively eliminates the safe-harbor to the exception to discharge contained in § 523(a)(1)(B)(ii) for certain late-filed tax returns.

## STATEMENT OF PROCEDURAL HISTORY AND FACTS

The Plaintiff-Appellant Brian S. Fahey (hereinafter, "Fahey" or "Debtor") hereby adopts the procedural history and statement of facts as stated and outlined in Judge William C. Hillman, United States Bankruptcy Judge's Memorandum of Decision section entitled "II. BACKGROUND" attached to his order in the underlying matter Adversary Proceeding No. 12-1204, Fahey v. Massachusetts Department of Revenue, Defendant-Appellant (hereinafter, "MDOR" or "Defendant"). Judge Hillman granted summary judgment in favor of MDOR as against Fahey on all three of Fahey's counts in his Adversarial Complaint and in favor of MDOR with respect MDOR's first counterclaim by finding that because Fahey's income tax filings in question were filed late, they are not income tax returns for purposes of 11 U.S.C. § 523(a)(1)(B)(i) and are therefore excepted from discharge under Fahey's bankruptcy filing.

## STANDARD ON REVIEW

The Debtor states and believes that this matter was properly disposed of at the summary judgment stage and is subject to de novo review. Reich v. Newspapers of New England, Inc., 44 F.3d 1060, 1069 (1st Cir. 1995).

## ARGUMENT

### I. The Term "Return" Includes Late Filed Returns Dischargeable under Pre-2005 Caselaw.

11 U.S.C. § 523 delineates several exceptions to the discharge authorized by §727 for individual debtors. The exception at issue in this case is contained in 11 U.S.C. § 523(a)(l)(B)(ii). That section says that an individual debtor is not discharged from any debt for a tax with respect to which a return, if required, "was filed or given **after the date** on which such return, report or notice was last due, under applicable law or under any extension, **and after two years before** the date of the filing of the petition." (emphasis added). In 2005, Congress amended the Bankruptcy Code to define the term "return" at the end of §523(a). This amendment, commonly referred to as 11 U.S.C. § 523(a)(*) or the 'hanging paragraph' because it is unnumbered, states as follows:

> For purposes of this subsection, the term "return" means a return that *satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements).* Such term *includes* a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. §523(a)(*) (emphasis supplied).

A "return" that satisfies the requirements of "applicable nonbankruptcy law" in this case is governed by the Code of Massachusetts Regulations. Regulation 26C.26.1 (2) defines a "return" as a "taxpayer's signed declaration of the tax due, if any, properly completed by the taxpayer or the taxpayer's representative on a form prescribed by the Commissioner and duly filed with the Commissioner." 830 CMR 26C.26.1 (2). Pursuant to this regulation, the returns filed by the Debtor in this case were properly completed, signed declarations of the amount due on a form prescribed by

4

the Commissioner and duly filed with the Commissioner. The MDOR does not dispute the Debtor's compliance with 830 CMR 26C.26.1 (2). See Beard v. Commissioner, 82 T.C. 766, 1984 WL 15573 (May 24, 1984), aff'd 793 F.2d 139 (6th Cir. 1986).

Furthermore, the tax liability at issue is not excepted from discharge under the terms of § 523(a)(l)(B)(ii). The returns were filed, albeit late, by the Debtor for the years in question and in dispute with the MDOR for the years 1997 through 2002 and 2004 and 2005. Fahey filed his Chapter 13 petition (later converted to a Chapter 7 petition) on October 13, 2010. The petitions all were filed more than two years prior to Fahey's filing of his bankruptcy petition. Lastly, DOR has never disputed that the tax returns for the Periods at Issue were filed more than two (2) years of Fahey's bankruptcy filing and has never disputed that Fahey was assessed with the tax liabilities by the DOR more than two-hundred and Forty (240) days prior to his bankruptcy filing. Thus, the returns were filed after the date on which each return was last due and before the two-year period prior to the date of the petition. The MDOR agrees that the late filed returns filed by the Fahey fall outside of this two-year period before the filing of the petition.

The MDOR however does claim that, pursuant to its interpretation of "return" in the 'hanging paragraph', Fahey's returns do not satisfy "the requirements of applicable nonbankruptcy law (including applicable filing requirements)". The MDOR would like this court to adopt the rule that **any** return filed after the date it is last due does not fit into the safe harbor provided by § 6020(a)[1] of the Tax Code (or similar State or local law) is not a "return" as defined by §523(a) and the debt derived therefrom is non-dischargeable,

However, if the court adopted this rule, it would render superfluous and effectively strike from the statute the language "was filed or given after the date on which such return, report or notice was last due, under applicable law or under any extension" contained in § 523(a)(l)(B)(ii),

which specifically provides for the discharge of debts arising from late filed tax returns in certain circumstances. See Martin v. United States (In re Martin) Adversary No. 11-1536 ABC (Case No. 10-37360 ABC) (Bankr. Colo., 2012) (Judge A. Bruce Campbell rejects interpretation of the BAPCPA 'hanging paragraph' in which timeliness of a return is deemed an "applicable filing requirement"). See also Rhodes v. United States (In re Rhodes) Adversary No. 11-4074 PWB (Case No. 11-42890-PWB) (Bankr. NX). Ga. May 6,2013). A canon of statutory construction is that a statute should be construed to give effect to all its provisions, so that no part will be inoperative or superfluous, void or insignificant. The MDOR argues that all late filed returns, with the exception of returns filed under IRC § 6020(a), are not "returns" under § 523(a) and ignore that such an interpretation renders § 523(a)(l)(B)(ii) inoperative. The MDOR argues

---

[1] 26 U.S.C. § 6020(a) **Preparation of return by Secretary**, provides: **If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but shall consent to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.**

without support that the § 6020(a) exception in the hanging paragraph gives effect to this section, vitiating in its entirety the § 523(a)(l)(B)(ii) endorsing a safe harbor for "late returns".

The language of the 'hanging paragraph' is instructive in regard to the definition of "return": "such term **includes** a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law." 11 U.S.C. § 523(a)(*) (emphasis added). 11 U.S.C. § 102(3) specifies that the word "includes" is not limiting. If Congress intended that the **only** late filed returns subject to the § 523(a)(l)(B)(ii) safe harbor provision are returns filed under § 6020(a), it would have been more explicit in doing so and struck the words **"filed or given after the date on which such return, report or notice was last due, under applicable law or under any extension"** from the statute.

There is paltry legislative history with regard to the 'hanging paragraph' and it sheds no additional light upon the ambiguous language used in the statute[2]. The Court would have to accept the idea that the drafters of the BAPCPA intended to eviscerate the pre-2005 law on late-filed returns without having said so. The absence of such language in the legislative history for this subsection supports the proposition that the drafters did not intend to eliminate the dischargeability of these taxes. If the drafters wished to eliminate the discharge for virtually all late-filed returns, with the exception of a late return filed by the IRS under IRC 6020(a), it should have stricken out the word "includes" from the hanging paragraph and the words "after the date" contained in § 523(a)(l)(B)(ii). As Judge Hoffman reasoned there is no

---

[2] The only legislative history for 11 U.S.C. 523(a)(*) indicates that the amendment was intended "to provide that a return prepared pursuant to section 6020(a) of the Internal Revenue Code, or similar state or local law, constitutes filing a return (and the debt can be discharge), but that a return filed on behalf of the taxpayer pursuant to section 6020(b) of the Internal Revenue Code, or similar state or local law, does not constitute filing a return( and the debt cannot be discharged)." H.R. Rep. No. 109-31(1) (2005), reprinted in 2005 U.S.C.CA.N. 88, 167.

7

doubt that the MDOR's interpretation results in "too much violence" to the statute. See Brown v. Massachusetts Department of Revenue (In re Brown), 489 B.R. 1 (Bankr. D. Mass. 2013).

It is apparent that this language, as quoted above in 11 U.S.C. § 523 (a)(l)(B)(ii), was not changed by Congress. It was merely enhanced to include the late filing of a return or report or equivalent report or notice which expands the nature of the obligation to file a report on the tax and not simply being tied to a formal tax return.

The phrase "under applicable law" was incorporated into 11 U.S.C. § 523(a)(l)(B)(ii) prior to the 2005 amendments. § 523(a)(*) added the terms "under applicable nonbankruptcy law" and "including applicable filing requirements". These terms did not change the pre-2005 requirements already contained in the statute by virtue of the broad phrase "under applicable law" contained in § 523(a)(l)(B)(ii). Therefore, compliance with applicable nonbankruptcy law and filing requirements were already a part of the law prior to 2005. Pursuant to the requirements of the court in *Beard* and the obvious purpose of the 'two year rule to discharge late filed returns, timeliness is not a requirement for discharge under the statute.

One would think that this issue would not be the subject of dispute. The purpose of the definition of a return is to allow a debtor to obtain the benefits of the bankruptcy code's 'fresh start' policy and discharge a tax return filed after the time it was last due under applicable law. The language remains in the statute and that language should be enforced and the Debtor should be entitled to his discharge. If the MDOR's reading carries the day, only the late self-filer who seeks government assistance, only from the IRS, will enjoy the opportunity for discharge whereas the common late filer will lose such opportunity. All late filers of state income tax returns in Massachusetts will lose the opportunity for discharge because there is no such "similar State or local law" to IRC § 6020(a) in the Code of Massachusetts Regulations.

8

Notwithstanding the fact that such an interpretation of BAPCPA § 523(a), if it were to be applied universally, would be a complete disaster for consumers generally and would totally under mind the whole purpose of the "fresh start" ethos and purpose of consumer bankruptcy protection, such an interpretation contradicts and conflicts with the black letter law in the Bankruptcy Code § 523(a)(1)(B)(ii). Additionally, if the tax is already non-dischargeable because the return is tardy even by one (1) day, what is to explain this same statute providing for the exemption of taxes from discharge on late returns that have been filed for less than two years from the filing of the bankruptcy petition. See also In Re Smythe, Smythe v. United States, Adversary No. 11-04077, (Case No. 10-49799, (United States Bankruptcy Court, W.D. Washington, Tacoma), (March 12, 2012). "Courts are hesitant to adopt an interpretation of a congressional enactment which renders superfluous another portion of that same law." Kawaauhu v. Geiger, 523 U.S. 57, 62 (1998).

## II. The Debtor's Late Filed Returns Qualify as "Returns" Under the *Beard* Test And Should Be Discharged.

As Judge Hoffman noted in his decision in *Brown,* the phrase

> the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)" refers to a return that qualifies as a return under applicable nonbankruptcy law including the filing requirements of such law. This essentially was the approach taken pre-BAPCPA by the courts adopting the *Beard* test when determining whether a return was a return under federal law and it seems quite logical to read the BAPCPA addition of the definitional paragraph as extending that analytical approach with respect to all tax returns, federal, state or local.

Brown v. Massachusetts Department of Revenue (In re Brown), 489 B.R. 1 (Bankr. D. Mass. 2013).

As has been discussed heretofore, prior to the BAPCPA, the Bankruptcy Code did not define

the term "tax return" or "return." In determining what constituted a federal tax return for purposes of § 523(a)(1) most courts applied the so-called *"Beard"* test articulated by the United States Tax Court in Beard v. Commissioner, 82 T.C. 766, 1984 WL 15573 (May 24, 1984), aff'd 793 F.2d 139 (6th Cir. 1986). For instance, the Bankruptcy Court for the District Colorado held that the untimeliness of an income tax return does not, in itself, render the document not a "return" for the purpose of Code § 523(a)(1). Instead, the Court returned to the pre-BAPCPA Beard v. Commissioner test and concluded, under the facts of the case before it, that the debtor's federal income tax returns for 2000 and 2001 each constituted a "return" under § 523(a)(1) even though the debtor filed the returns after the IRS had assessed the debtor's tax liability for the corresponding year. Martin v. United States (In re Martin) Adversary No. 11-1536 ABC (Case No. 10-37360 ABC) (Bankr. Colo., 2012) To qualify as a return under the *Beard test* a documents must: (1) purport to be a return; (2) be executed under the penalty of perjury; (3) contain sufficient data to allow calculation of the tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax law. MDOR does not dispute that these filing requirements have been met by Fahey.

## **CONCLUSION**

Based on the foregoing, the Debtor prays this appeal be granted and this Honorable Court overturn the Bankruptcy Court's ruling granting summary judgment for the Defendant and grant any other rulings in favor of the Appellant the Court deems meet and just.

Respectfully submitted,

Brian S. Fahey,

By his attorney,

/s/ Andrew L. Barrett
Andrew L. Barrett
BBO No. 629845
LAW OFFICE OF ANDREW L. BARRETT, P.C.
21 McGrath Highway, Unit 301
Quincy, MA 02169
(617) 657-6350
abarrett@barrettlawyer.com

Date: October 21, 2013

## CERTIFICATE OF SERVICE

I, Andrew L. Barrett, Esq., Law Office of Andrew L. Barrett, P.C., attorney for the Plaintiff/Debtor/Appellant, Brian S. Fahey, hereby certify that on October 21, 2013, I served a true copy of the above the Brief of the Appellant upon all parties listed on this Court's ECF docket, by electronic mail

/s/Andrew L. Barrett
Andrew L. Barrett
BBO# 629845
Attorney for Brian S. Fahey