UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
TIMOTHY P. PERKINS,           )
                              )
        Plaintiff/Appellee,   )
                              )
        v.                    )        CIVIL ACTION
                              )        NO. 13-30107-WGY
MASSACHUSETTS DEPARTMENT OF   )
REVENUE,                      )
                              )
        Defendant/Appellant.  )
_____)


_____
                              )
BRIAN S. FAHEY,               )
                              )
        Plaintiff/Appellee,   )
                              )
        v.                    )        CIVIL ACTION
                              )        NO 13-11875-WGY
MASSACHUSETTS DEPARTMENT OF   )
REVENUE,                      )
                              )
        Defendant/Appellant.  )
_____)


YOUNG, D.J.                                    March 7, 2014



MEMORANDUM AND ORDER


**I.    INTRODUCTION**

    This opinion addresses two bankruptcy appeals that were

consolidated because they present the same legal issue.  Both

cases originate in adversary proceedings pertaining to Chapter 7

bankruptcy filings.  In these proceedings, the plaintiffs, Timothy P. Perkins ("Perkins") and Brian S. Fahey ("Fahey") (collectively, the "Debtors"), seek a determination that their income liabilities to the defendant, the Massachusetts Department of Revenue (the "Department"), for the years at issue are subject to the debtor's discharge.  The key issue in the two cases is the same - to wit, whether belatedly filed state tax returns constitute "returns" for purpose of the discharge.

In the first case, the plaintiff, Perkins, seeks a determination that his income liabilities to the Department for the years 2004, 2005, and 2006 are subject to his debtor's discharge.  The bankruptcy court entered judgment in Perkins's favor, and the Department now appeals.

In the second case, the plaintiff, Fahey, appeals from the judgment entered by the bankruptcy court ruling that his income liabilities to the Department for the years 1997 through 2002 and 2004 through 2005 were **not** subject to his debtor's discharge.

Thus, this Court faces a single legal issue decided in opposite ways by two different bankruptcy judges.  As previously mentioned, the key question to be considered in these appeals is whether the tax returns belatedly filed by the Debtors constitute "returns" for purposes of discharge.

## A. Procedural Posture

### 1. Perkins[1]

On August 3, 2012, Perkins brought an adversary proceeding against the Department in his Chapter 7 Bankruptcy proceeding. United States Bankruptcy Court, District of Massachusetts, Adversary Proceeding No. 12-03030 ("Adversary Docket") No. 1, ECF No. 5-1. The Department answered and counterclaimed on August 14, 2012. Id. No. 4. Both parties filed cross-motions for summary judgment. Id. Nos. 11, 24. On April 8, 2013, the Bankruptcy Court denied the Department's motion for summary judgment, granted Perkin's motion for summary judgment, Order, ECF No. 10, and entered judgment in favor of Perkins. Judgment, ECF No. 6.

On May 8, 2013, the Department filed a notice of appeal with the Bankruptcy Appellate Panel. Adversary Docket No. 41. On June 5, 2013, Perkins elected to appeal to the District Court for the District of Massachusetts, id. No. 46, and the case was assigned to this session of the Court on June 10, 2013. Elec. Notice, ECF No. 8. On June 24, 2013, the Department filed its brief. Br. Def./Appellant Mass. Dep't Revenue ("Department's Br. Perkins"), ECF No. 13. On June 26, 2013, Perkins moved that this Court certify this case for direct appeal to the First

---

[1] In this section, the ECF numbers refer to Perkins's case docket, 13-30107-WGY.

Circuit, Req. Certif. Fed. R. Bankr. P. 8001(f) & 28 U.S.C.
§ 158(d)(2)(A)(i) & (ii), ECF No. 14, to which the Department
opposed, Appellant's Opp'n Appellee's Req. Certif. Ct. Appeals &
Opp'n Certif. Sua Sponte, ECF No. 15.  This Court denied the
motion for certification on July 5, 2013.  Elec. Order, July 5,
2013, ECF No. 19.  Perkins filed his brief on August 7, 2013.
Br. Pl.-Appellee Timothy P. Perkins ("Perkins's Br."), ECF No.
21.

### 2. Fahey[2]

On August 8, 2012, Fahey brought an adversary proceeding
against the Department in his Chapter 7 Bankruptcy proceeding.
United States Bankruptcy Court, District of Massachusetts,
Adversary Proceeding No. 12-01204, No. 1, ECF No. 2.  The
Department answered and counterclaimed on August 24, 2012.  Id.
No. 8.  The Department moved for summary judgment on January 27,
2013.  Id. No. 27.  On June 11, 2013, the Bankruptcy Court
granted the Department's motion for summary judgment and entered
judgment in favor of the Department.  Order, ECF No. 5-1; Mem.
Decision, ECF No. 5.

On June 25, 2013, Fahey filed a notice of appeal to the
District Court for the District of Massachusetts.  Notice
Appeal, ECF No. 1.  The case was assigned to this session of the

_____

[2] In this section, the ECF numbers refer to Fahey's case
docket, 13-11875-WGY.

Court on August 6, 2013.  Elec. Notice, ECF No. 4.  On October

21, 2013, Fahey filed his brief.  Br. Pl./Appellant Brian S.

Fahey ("Fahey's Br."), ECF No. 13.  The Department filed its

brief on November 4, 2013.  Br. Def./Appellee, Massachusetts

Department Revenue ("Department's Br. Fahey"), ECF No. 14.

On October 8, 2013, the Department, with Fahey and

Perkins's assent, moved to consolidate the two cases for oral

argument.  Mot. Appellant Consolidate Oral Arguments (Assented

Appellee), ECF No. 11.  The motion was granted on the following

day and both cases were consolidated for oral hearing.  Elec.

Order, Oct. 9, 2013, ECF No. 12.

After hearing from counsel in a motion hearing on January

22, 2014, this Court took the matter under advisement.  Elec.

Clerk's Notes, Jan. 22, 2014, ECF No. 16.

### B. Undisputed Facts

The underlying facts in both cases are undisputed.  Perkins

failed to file his resident income tax return for the years at

issue on the date prescribed by Massachusetts law, instead

filing them at least nine months after they were due:

| Tax Year | Filing Due Date | Actual Filing Date |
|----------|-----------------|--------------------|
| 2004 | April 15, 2005 | March 14, 2007 |
| 2005 | April 18, 2006 | January 9, 2008 |
| 2006 | April 17, 2007 | January 9, 2008 |

Department's Br. Perkins 4.  More than two years after filing his 2006 return, on July 22, 2010 Perkins filed a voluntary Chapter 7 bankruptcy petition, and nearly two years after that, Perkins initiated the present adversary proceeding, seeking a determination that the tax liabilities to the Department related to the years at issue are subject to his debtor's discharge. Id. at 2.

Fahey likewise failed to file his resident income tax return for the years at issue on the date prescribed by Massachusetts law:

| Tax Year | Filing Due Date | Actual Filing Date |
|----------|-----------------|--------------------|
| 1997 | April 15, 1998 | December 28, 2001 |
| 1998 | April 15, 1999 | December 30, 2001 |
| 1999 | April 18, 2000 | December 28, 2001 |
| 2000 | April 15, 2001 | December 28, 2001 |
| 2001 | April 16, 2002 | August 5, 2002 |
| 2002 | April 15, 2003 | December 8, 2003 |
| 2004 | April 15, 2005 | February 18, 2009 |
| 2005 | April 18, 2006 | July 17, 2008 |

Department's Br. Fahey 5.  More than two years after submitting his 2005 return, on October 13, 2010 Fahey filed a voluntary Chapter 13 bankruptcy petition, which was subsequently converted to a Chapter 7 liquidation case, id. at 2, and nearly two years

after that, Fahey initiated the present adversary proceeding,
seeking a determination that the tax liabilities to the
Department related to the years at issue are subject to his
debtor's discharge, id. at 3.

### C. Jurisdiction

This Court has original jurisdiction over bankruptcy cases
and all civil proceedings "arising under title 11 [of the United
States Code], or arising in or related to cases under title 11."
28 U.S.C. § 1334(b).  The Court has jurisdiction to hear
bankruptcy appeals pursuant to 28 U.S.C. § 158(a).  The legal
and factual issues on appeal arise in and are related to
bankruptcy proceedings filed by the Debtors.  Both Perkins and
Fahey elected to proceed to the district court pursuant to 28
U.S.C. section 158(c)(1)(B).  Appellee's Statement Election Have
U.S. District Ct. Hear Appeal, Perkins's ECF No. 3; Statement
Election Appellant Appeal Final Judgment U.S. District Ct.
Boston, Mass., Notice Appeal, Fahey's ECF No. 3.

## II.  ANALYSIS

### A. Standard of Review

"On appeal from a judgment in an adversary proceeding, a
district court reviews conclusions of law de novo, but ought
accept the bankruptcy judge's finding of fact unless they were
clearly erroneous."  Cromwell v. Countrywide Home Loans, Inc.,

483 B.R. 36, 40 (D. Mass. 2012).  "The district court may also 'affirm the bankruptcy court order on any ground apparent from the record on appeal.'"  Id. (quoting Spenlinhauer v. O'Donnell, 261 F.3d 113, 117 (1st Cir. 2001)).

### B. Legal Background

In a bankruptcy proceeding filed under Chapter 7, the general rule set by section 727 of the Bankruptcy Code is that the Court shall grant the debtor a discharge from his debts.  11 U.S.C. § 727.  This discharge includes debts related to unpaid taxes.  See In re Hatton, 220 F.3d 1057, 1060 (9th Cir. 2000). The Bankruptcy Code, however, excludes under section 523(a) many categories of debts from the general rule.  11 U.S.C. § 523(a). One of those exceptions, section 523(a)(1)(B)(i), is at issue in this case.  It provides that the discharge does not encompass the debt related to a tax for "which a return, if required, was not filed."  11 U.S.C. § 523(a)(1)(b)(i).[3]

Originally, the Bankruptcy Code did not define the term "return."  In order to find what qualified as "return," many courts settled on applying a four-prong test outlined by the

---

[3] The provision reads, in relevant part:
  (a) A discharge under section 727, 1141, 1228(a), 1228(b),
    or 1328(b) of this title does not discharge an
    individual debtor from any debt--
  (1) for a tax or a customs duty--
    ...
      (B) with respect to which a return, or equivalent
      report or notice, if required--
        (i) was not filed or given;"

United States Tax Court in Beard v. Commissioner of Internal
Revenue, 82 T.C. 766, 777-78 (1984), aff'd, 793 F.2d 139 (6th
Cir. 1986).  See, e.g., United States v. Klein, 312 B.R. 443,
447 (S.D. Fla. 2004) (discussing the Beard test application).
The Beard test has been broadly used in the bankruptcy context.
In re Wogoman, 475 B.R. 239, 245 (B.A.P. 10th Cir. 2012); In re
Hindenlang, 164 F.3d 1029, 1033-34 (6th Cir. 1999).

According to the Beard test, for a document to be
considered a tax return, "(1) it must purport to be a return;
(2) it must be executed under penalty of perjury; (3) it must
contain sufficient data to allow calculation of tax; and (4) it
must represent an honest and reasonable attempt to satisfy the
requirements of the tax law."  In re Hindenlang, 164 F.3d at
1033 (quoting In re Hindenlang, 214 B.R. 847, 848 (S.D. Ohio
1997)).

In 2005, however, Congress approved the Bankruptcy Abuse
Prevention and Consumer Protection Act (the "Act"), which made
several changes to the Bankruptcy Code.  Pub. L. No. 109-8, 119
Stat. 23 (2005).  Among those changes, the Act included an
unnumbered paragraph following section 523(a)(19), which
attempted to establish a definition of return.  The unnumbered
paragraph is also referred to as the "hanging paragraph," In re
Pendergast, 494 B.R. 8, 12 (Bankr. D. Mass. 2013) (Hillman,
Bankr. J.), or simply as "section 523(a)(*)," In re McCoy, 666

F.3d 924, 928 (5th Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 192

(2012).

Far from achieving its clarifying purpose, the paragraph

stirred more controversy about whether a document qualifies as a

return.  The unnumbered paragraph defines returns in the

following terms:

> For purposes of this subsection, the term "return"
> means a return that satisfies the requirements of
> applicable nonbankruptcy law (including applicable
> filing requirements).  Such term includes a return
> prepared pursuant to section 6020(a) of the Internal
> Revenue Code of 1986, or similar State or local law,
> or a written stipulation to a judgment or a final
> order entered by a nonbankruptcy tribunal, but does
> not include a return made pursuant to section 6020(b)
> of the Internal Revenue Code of 1986, or a similar
> State or local law.

11 U.S.C. § 523(a)(*).  The first sentence of the unnumbered

paragraph, thus, sets the general rule, according to which a

return, to be considered as such, must satisfy the requirements

of applicable nonbankruptcy law (including applicable filing

requirements).[4]

---

[4] The second sentence, which will be dealt with <u>infra</u>,
includes as returns those filed pursuant to section 6020(a) of
the Internal Revenue Code of 1986 – where the Secretary of the
Internal Revenue Service prepares the tax return for a person
who, despite not filing the return himself, discloses all
information necessary for its preparation – or similar State or
local law, while at the same time excluding the returns filed
pursuant to section 6020(b) of such Code – where the Secretary
files the tax return for a person who does not cooperate with
the government, or "makes . . . a false or fraudulent return."
26 U.S.C. § 6020.

The applicable nonbankruptcy law, in the present cases, is the Massachusetts Tax Code under Massachusetts General Law chapter 62C, section 6(c), which states that, "[e]xcept as otherwise provided, returns under this section shall be made on or before the fifteenth day of the fourth month following the close of each taxable year."  Mass. Gen. Laws ch. 62C, § 6(c); see also Department's Br. Perkins 10.

### C. The Department's Arguments

The Massachusetts Tax Code contains "filing requirements stating that a resident income tax return 'shall' be filed on April 15th of the succeeding calendar year."  Department's Br. Perkins 1.  According to the Department, because the Debtors filed their returns for the years at issue after that date, they failed to comply with the state law requirements; thus, these late filings cannot constitute returns for discharge purposes. Id. at 11; Department's Br. Fahey 1-2.

Simply put, the Department argues that no late-filed returns would be subject to discharge, unless they were prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986 ("section 6020(a)") and filed prior to two years before the bankruptcy petition.  See Department's Br. Perkins 10-11.  The structure of discharge related to late-filed returns of

Massachusetts state tax, as envisioned by the Department, would work in the following manner:

(i) The general rule is that late-filed returns are not to be considered as returns for purposes of discharge, because they do not fulfill the filing requirements of the state tax law. See Department's Br. Fahey 8.

(ii) The second sentence of the unnumbered paragraph, however, creates a safe harbor for late-filed returns prepared pursuant to section 6020(a) or similar state or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal.  In this situation, a late-filed return would still be considered a return for discharge purposes.

(iii) For these returns, section 523(a)(1)(B)(i) would not be applied, because a return would have been considered as filed.  Thus, the court would then have to look at section 523(a)(1)(B)(ii), to determine whether the late-filed return is subject to discharge.  Section 523(a)(1)(B)(ii) excepts tax liability from the discharge when the return "was filed or given after the date on which such return . . . was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition."  11 U.S.C. § 523(a)(1)(B)(ii).  As a result, if the late-filed return was nonetheless filed more than two years before the bankruptcy

petition, it would be included in the discharge.  See
Department's Br. Perkins 14.

     In sum, the Department's argument is that no late-filed
returns are subject to discharge, unless they are prepared
pursuant to section 6020(a) or some similar state law, and filed
prior to two years before the bankruptcy petition.  As a
practical matter, because Massachusetts has no state law similar
to section 6020(a), late-filed state tax returns could never be
considered "returns" for purposes of discharge under Chapter 7
bankruptcy.  See id. at 9 n.4.

### D. The Debtors' Arguments

     The Debtors present several arguments to rebut the
Department's view.  They first claim that the interpretation
proposed by the Department for section 523(a)(1)(B)(i) would
render section 523(a)(1)(B)(ii) all but inoperative.  Perkins's
Br. 3; Fahey's Br. 5.  As a result, the Department's
interpretation allegedly eliminates the discharge for virtually
all late-filed returns, "eviscerat[ing] the pre-2005 law on
late-filed returns."  Perkins's Br. 4; Fahey's Br. 7.  Second,
the Debtors claim that the "filing requirements" mentioned by
the unnumbered paragraph do not include timeliness issues.
Perkins's Br. 5; Fahey's Br. 8.  Finally, the Debtors argue that
their late-filed returns would qualify as "returns" under the

Beard test, which should be applied even after the Act's changes
to the Bankruptcy Code.  Perkins's Br. 6; Fahey's Br. 9-10.

### E. The Division on the Issue

Since the Act inserted the unnumbered paragraph in section
523(a), purporting to define what qualifies as a "return" for
purposes of bankruptcy discharge, courts have taken varied
approaches on the application of the law to cases, like the
present ones, where the petitioner has filed his state tax
return after the deadline prescribed by the state tax law.  This
is a matter of first impression for this Court, and the First
Circuit has not had the opportunity to express its view on the
issue.

As noted above, judges of the Bankruptcy Court for the
District of Massachusetts, however, have already addressed the
issue, reaching opposite conclusions that essentially repeat the
division among courts around the country.

### 1. The decision in In re Brown

In In re Brown, 489 B.R. 1 (Bankr. D. Mass. 2013) (Hoffman,
Bankr. J.), the Bankruptcy Court, Central Division, ruled that
"the [Department]'s interpretation of § 523(a) is ill-conceived
and unjustified."  Id. at 5.  The court reasoned that
"[i]nterpreting the definitional paragraph of § 523(a) to mean
that all late-filed Massachusetts tax returns are not returns

renders virtually meaningless § 523(a)(1)(B)(ii), arguably the most frequently resorted-to subsection of § 523(a)(1)." Id.

The Brown court noted that the Department's interpretation would considerably narrow the application of section 523(a)(1)(B)(ii). In fact, this section would apply solely to the returns prepared pursuant to section 6020(a), because such returns were carved out by the second sentence of the unnumbered paragraph.[5] The problem, according to the Brown court, is that this interpretation would render section 523(a)(1)(B)(ii) superfluous and, given the lack of legislative history justifying the change to the pre-Act approach, do "too much violence to the statute." Id. Finally, the court observed that the interpretation proposed by the Department would also render the unnumbered paragraph's reference to the section 6020(b) superfluous. Id. ("If all late-filed returns except § 6020(a) returns are not returns there is no need to state that § 6020(b) returns are not returns.").

As a result, the Brown court read out timeliness requirements from the unnumbered paragraph's reference to "applicable filing requirements." See id. at 5-6. Instead, the court applied a "more nuanced Beard-influenced approach" to the unnumbered paragraph, whereby tardiness in filing a tax return

---

[5] That is, in fact, the Department's argument, as explained supra.

does not mean that a return was not filed, as long as "the late-filed tax return[] serve[s] a[] tax purpose under Massachusetts law." Id. at 6.  The Brown court then observed that "a late-filed return serves as the formal assessment of the tax in the amount set forth therein," and thus "[t]he only way a late-filed return does not serve as the tax assessment under Massachusetts law is when the commissioner of revenue assesses the tax first." Id. (citing Mass. Gen. Laws ch. 62C, § 26(a), (d)).

Therefore, according to the Brown court, the late-filed return would still be a return for discharge purposes as long as it was prepared before the commissioner's tax assessment.

### 2. The decision in In re Pendergast

A few months later, in In re Pendergast, 494 B.R. 8 (Bankr. D. Mass. 2013) (Hillman, Bankr. J.), the Bankruptcy Court, Eastern Division, disagreed with In re Brown.  The Pendergast court observed that the language of the unnumbered paragraph is plain, needing no construction.  Id. at 13 ("I do not start 'from the premise that this language is imprecise,' but instead must 'assume that . . . Congress said what it meant.'") (alteration in original) (quoting United States v. LaBonte, 520 U.S. 751, 757 (1997)).

The Pendergast court addressed its disagreements with the Brown court in a single paragraph:

The fact that 11 U.S.C. § 523(a)(1)(B)(ii) applies to
only a small number of cases does not render it a
nullity.  So long as there is at least one situation
where an untimely return is still considered a
"return" for purposes of 11 U.S.C. § 523(a), 11 U.S.C.
§ 523(a)(1)(B)(ii) will apply and have meaning.  I am
also unpersuaded that the reference to 26 U.S.C.
§ 6020(b) is superfluous under this construction.  As
elucidated by the United State[s] Court of Appeals for
the Fifth Circuit in In re McCoy, [666 F.3d at 931,]
the reference "simply explains that returns filed
pursuant to § 6020(a) do qualify as returns for
discharge purposes, while those filed pursuant to
§ 6020(b) do not."  In this context, I agree with the
Fifth Circuit that the language is explanatory and
clarifies that the carve out provided by the second
sentence of the hanging paragraph is a narrow one.
While I appreciate Judge Hoffman's concerns regarding
the absence of legislative history, the Supreme Court
instructs that "where the language is unambiguous,
silence in the legislative history cannot be
controlling."

Id. at 15 (internal citation and footnotes omitted).  The

Pendergast court held, therefore, that timeliness was exactly

the type of "applicable filing requirements" to which the

unnumbered paragraph referred.  Id. at 16.  Because the

Massachusetts Tax Code set a deadline for the filing of the

state tax returns, any document filed after the deadline does

not satisfy the requirement of the tax law, and therefore cannot

be considered a return.  As a result, no discharge could be

granted.  Id.

     Overall, as mentioned above, the division of other courts

to address this issue follows the lines drawn by these two

cases: some courts opted to read out timeliness requirements

from the unnumbered paragraph and continue to apply the <u>Beard</u>
test, while others opted to apply what they consider to be a
more literal construction of the unnumbered paragraph, dropping
the <u>Beard</u> test altogether.  Compare <u>In re Mallo</u>, 498 B.R. 268,
281 (D. Colo. 2013) ("[T]he Beard test is the applicable
nonbankruptcy law to be used to determine[] whether a filing
constitutes a 'return' - for purposes of applying the
dischargeability exception to a tax debt set forth in
§ 523(a)(1)(B)(i) . . . ."), <u>with</u> <u>In re McCoy</u>, 666 F.3d at 932
("Unless it is filed under a 'safe harbor' provision similar to
§ 6020(a), a state income tax return that is filed late under
the applicable nonbankruptcy state law is not a 'return' for
bankruptcy discharge purposes under § 523(a).").

## F. Determining the Correct Approach

As explained above, <u>Pendergast</u> starts from a very clean
perspective: where there is no imprecision in the law, there is
no need for construction; the law only needs to be applied.  The
unnumbered paragraph states that the applicable filing
requirements must be observed for a document to be considered a
return.  Because late-filed returns do not fulfill the filing
requirements, they cannot be considered returns for the purpose
of discharge.

The Pendergast court is correct when it notes that its conclusions do not render section 523(a)(1)(B)(ii) superfluous, because this section will still apply to returns prepared pursuant to section 6020(a) and similar state or local laws.[6] While this constitutes a narrow safe harbor, it still renders section 523(a)(1)(B)(ii) applicable to a specific set of circumstances, thus it cannot be deemed superfluous.  Finally, Pendergast is also correct when it rebuts the criticism that its application of the unnumbered paragraph would lead to a radical change in the law without the proper support in the legislative history.  As the court pointed out, "the Supreme Court instructs that 'where the language is unambiguous, silence in the legislative history cannot be controlling.'"  In re Pendergast, 494 B.R. at 15 (quoting Dewsnup v. Timm, 502 U.S. 410, 419-420 (1992)).

The Brown court, however, persuasively delineates how its construction of the unnumbered paragraph promotes a seamless transition from the Beard test to the statutory mandate.  In re Brown, 489 B.R. at 6.  The unnumbered paragraph would thus be no more than the codification of the Beard test.  In this

---

[6] The fact that Massachusetts does not have a similar state law is not controlling here, because the safe harbor still has a purpose within the federal taxation context.  See In re McCoy, 666 F.3d at 931 n.10 (observing that the fact that the Debtor could not point to any state tax provision analogous to § 6020(a) only meant that she could not rely on the "safe harbor" provision.)

construction, the second sentence of the unnumbered paragraph, dealing with sections 6020(a) and (b), would serve the purpose of clarifying what was already a common result of the application of the Beard test.

Indeed, courts applying the Beard test in the pre-Act era usually found that late-filed returns were subject to discharge, so long as they were made before the assessment by the IRS.  See In re Wogoman, 475 B.R. at 245-46 (citing precedents).  The reasoning was that, after the assessment by the IRS, the late-filed returns would no longer constitute "an honest and reasonable attempt to satisfy the requirements of the tax law," and would thus fail the fourth prong of the Beard test.  See In re Hindenlang, 164 F.3d at 1034 ("A purported return filed too late to have any effect at all under the Internal Revenue Code cannot constitute 'an honest and reasonable attempt to satisfy the requirements of the tax law.'  Once the government shows that a Form 1040 submitted after an assessment can serve no purpose under the tax law, the government has met its burden.").

Under this approach, reading the timeliness requirement out of the "applicable filing requirements" mentioned by the unnumbered paragraph leads to a more balanced result, in line with the longstanding standard set by the Beard test.  As a result, the late-filed return would still be considered a return for purposes of discharge, as long as it was filed before the

assessment by the state department of revenue, because it would still "serve[] as the formal assessment of the tax in the amount set forth therein."  In re Brown, 489 B.R. at 6.

As the McCoy court observed, however, the Beard test "was specifically conceived of and applied in the context of federal taxation alone. . . . Moreover, none of the other courts of appeals cases relying on this pre-[Act] test applied it in the context of discharging state taxes."  In re McCoy, 666 F.3d at 929-30 (emphasis omitted).  As a result, applying the Beard test in the context of state tax law does not seem necessarily justified.

In the end, this is a close call.  The essential question seems to be whether the "applicable filing requirements" include the timeliness requirements.  And, in that regard, one has to make apart from the statutory language itself in order to exclude timeliness issues from the "applicable filing requirements."  Had the Congress intended to do so, it could easily have added some language to that effect.  It did not. The plain and ordinary meaning of the statutory language is the best indicia of the congressional mandate.  See Ardestani v. Immigration & Naturalization Serv., 502 U.S. 129, 135-36 (1991); see also Lamie v. United States Tr., 540 U.S. 526, 534 (2004); Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000).  As approved, the law is straightforward, and

does not allow one to read out timeliness issues from the applicable filing requirements.  While this approach may indeed constitute a break with pre-Act law, such a break is fully justified by the changes wrought by the Congressional enactment.

Therefore, because the Debtors undisputedly filed their state tax returns belatedly, failing to comply with the "applicable filing requirements," the Department must prevail.

## III.   CONCLUSION

For the foregoing reasons, this Court REVERSES the Bankruptcy Court's judgment in Perkins and enters summary judgment in favor of the Department. The Court also AFFIRMS the Bankruptcy Court's judgment in Fahey.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE